NOT FOR PUBLICATION                                [Dkt. Ent. 14]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

### CAMDEN VICINAGE

| | |
|---|---|
| RENE EDWARDS,<br><br>                Plaintiff,<br><br>     v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>                Defendants. | Civil No. 08-5617 (RMB/KMW)<br><br>**OPINION** |

<u>Appearances</u>:

Samuel J. Myles
Holston, MacDonald, Uzdavinis & Ziegler, PC
66 Euclid Street
P.O. Box 358
Woodbury, NJ 08096

        Attorney for Plaintiff

Christopher C. Josephson
Office of the Attorney General
RJ Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

        Attorney for Defendants the State of New Jersey, New Jersey
        State Parole Board, Barnes, Kapp, Schreck, and Allan

Jill Heather Powers
Office of the Attorney General
Division of Law

1

25 Market Street
P.O. Box 112
Trenton, NJ 08625

     Attorney for Defendants Superior Court of New Jersey-Camden
     Vicinage Probation Division, Werner, Walker, and Navarez

Donna M. Whiteside
Office of Camden County Counsel
Camden County Courthouse
520 Market Street, 14th Floor
Camden, NJ 08102-1375

     Attorney for Defendants Camden County Sheriff's Department,
     the County of Camden, Eife, Robinson, Murray

**BUMB, UNITED STATES DISTRICT JUDGE:**

     This matter comes before the Court upon a motion to dismiss for failure to state an actionable claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), by the defendants the State of New Jersey, the New Jersey Parole Board, former Parole Board Chairman Peter Barnes, and Parole Board members Paul Kapp, Lauren Schreck, and Scott Allan (collectively, the "Parole Board Defendants"). The plaintiff, Rene Edwards, (the "Plaintiff") brings state-law tort and federal civil rights claims, which arose from an incident in which, he avers, he was assaulted by various defendants while they placed a GPS monitoring device on him. The Parole Board Defendants now move to dismiss seven of the eighteen counts alleged in the Amended Complaint. For the reasons set forth herein, the Court will grant-in-part and deny-in-part the Parole Board Defendants' motion and, accordingly, will stay this case pending resolution of the ongoing state

prosecution of Plaintiff.

## BACKGROUND

In 1986, Plaintiff was convicted of Aggravated Sexual Assault and Kidnaping.  For this offense, he was listed as a Tier 3-High Risk Offender and placed on Community Supervision For Life.  On January 11, 2006, Plaintiff pled guilty to sexual conduct (fourth degree) and was sentenced to five years probation.  The sentencing court, according to Plaintiff, stated that Megan's Law would not apply to him because his victim was an adult.

On November 29, 2006, Plaintiff attended a regular meeting with his probation officer at the Camden County Probation Office. After the meeting, when Plaintiff exited the building, he was met by Parole Board Defendants Kapp, Schreck, and Allan, among others, who attempted to place a GPS monitoring device on him. An altercation ensued.  Plaintiff avers that before this encounter, he had not been notified that he would be required to wear a GPS monitoring device.  Because of the altercation, Plaintiff was arrested on three counts of assaulting a law enforcement officer and one count of resisting arrest.  The prosecution of Plaintiff on these counts is still pending in New Jersey state court.

Plaintiff, proceeding pro se, initiated this action on November 14, 2008.  His Complaint was subsequently amended after

3

Plaintiff obtained counsel.  The Amended Complaint alleges various tort and civil rights claims against the Parole Board Defendants, as well as the Camden Vicinage Probation Division, the Camden County Sheriff's Department, and several of their respective employees.  Answers have been filed by the defendants associated with the Probation Division and those Associated with the Sheriff's Office.  The Parole Board Defendants filed a partial answer accompanied by this motion to dismiss certain claims.

### STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts must view all allegations in the complaint in the light most favorable to the plaintiff, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994), and accept any and all reasonable inferences derived from the facts alleged, Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991). Based upon the face of the complaint, courts must decide if "enough facts to state a claim for relief that is plausible on its face" have been alleged.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do." <u>Id.</u> at 555 (internal citations omitted).  In other words, courts must review the complaint to determine: (1) if it alleges genuine facts, rather than mere legal conclusions; (2) if the facts alleged (assumed to be true), as well as the reasonable inferences drawn therefrom, establish a claim; and (3) if relief based upon the facts alleged is plausible.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

DISCUSSION

### 1. <u>Sovereign Immunity</u>

Plaintiff has named as defendants in this action the State of New Jersey, the New Jersey State Parole Board, and state officials Barnes, Kapp, Schreck, and Allan.

State governments and their subdivisions are not amenable to suit in federal court pursuant to the doctrine of sovereign immunity.  U.S. Const, amd. 11; <u>Hans v. Louisana</u>, 134 U.S. 1 (1890).  Furthermore, state officials named in their official capacities may be sued only for prospective relief, not damages. <u>Edelman v. Jordan</u>, 415 U.S. 651, 666-67 (1974).  Since Plaintiff seeks only damages here (<u>see</u> <u>generally</u> Compl. 6-18), the Court must dismiss the State of New Jersey and the New Jersey State Parole Board, as well as Barnes, Kapp, Schreck, and Allan to the extent they are named in their official capacities.  <u>See</u> <u>United States v. Bein</u>, 214 F.3d 408, 412 (3d Cir. 2000) ("A claim of

5

sovereign immunity advances a jurisdictional bar . . . .").

Accordingly, of the claims against the Parole Board Defendants, the only that survive scrutiny under the doctrine of sovereign immunity are those against Barnes, Kapp, Schreck and Allan in their individual capacities.

### 2. **Claims Brought Pursuant to 42 U.S.C. § 1983**

#### A. **Respondeat Superior**

As a preliminary matter, claims brought pursuant to 42 U.S.C. § 1983 cannot be premised upon a theory of vicarious liability superior alone. <u>Jimenez v. New Jersey</u>, 245 F. Supp. 2d 584, 586 (D.N.J. 2003) (quoting <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981)).  In order for a supervisor to be liable under § 1983 he or she "must have personal involvement in the alleged wrongs . . . ." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Third Circuit has cautioned that the personal involvement requirement creates "no heightened pleading requirement for civil rights actions, and complaints should be considered under the more liberal standards of notice pleading." <u>Arnold v. New Jersey</u>, No. 03-3997, 2007 WL 1381757, *5 (D.N.J. May 9, 2007) (citing <u>Alston v. Parker</u>, 363 F.3d 229, 233 (3d Cir. 2004)).  Still, "allegations, without any indication of personal knowledge on the part of the defendants and acquiescence to the actions taken, are not enough." <u>Leon v. Schaff</u>, No. 05-4296,

2007 WL 3025694, *4 (D.N.J. October 15, 2007) (dismissing Complaint against two wardens because the claims against them did allege their personal involvement).

Here, the Amended Complaint fails to allege any personal involvement by Parole Board Defendant Barnes.  The Amended Complaint alleges only that the Parole Board and Barnes "failed to promulgate appropriate regulations and directives regarding The Sex Offender Monitoring Pilot Project Act." (Pl.'s Opp'n Br. 4.)  It does not allege that Barnes took part in the alleged assault of Plaintiff, nor that he instructed any parties to participate in the alleged assault.  Furthermore, to the extent failure to promulgate regulations can sustain a § 1983 claim, the averment as pled is nothing more than a bare legal conclusion, which is not to be credited when considering a motion to dismiss under Iqbal v. Ashcroft, 129 S. Ct. 1937, 1949-50 (2009).  Therefore, all § 1983 claims against Parole Board Defendant Barnes will be dismissed without prejudice.

### B.   Wrongful Application of GPS Device

Count Six of the Amended Complaint alleges violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights on grounds that, "Defendants wrongfully and improperly caused a GPS monitoring device to be applied to [P]laintiff in violation of the law . . . ."  (Amd. Compl. 9.)

7

The Court takes judicial notice of Plaintiff's 1986 conviction for Aggravated Sexual Assault and Kidnaping and his subsequent placement on Community Supervision For Life, which required him to be outfitted with a GPS monitoring device.[1]  The Amended Complaint alleges civil liability for the mere application of the GPS device to Plaintiff's person.  Application of the device, however, was not unlawful.  Defendants placed the GPS device on Plaintiff pursuant to the requirement of New Jersey law that the Parole Board's chairman "establish a program for the continuous, satellite-based monitoring of sex offenders in this State."  N.J.S.A. 30:4-123.92.  Because he was placed on Community Supervision for Life, Plaintiff is considered a "monitored subject" pursuant to N.J.S.A. 30:4-123.91(a)(2)(b).  Taking as true Plaintiff's averment that Parole Board Defendants Kapp, Schreck, and Allan applied the device to Plaintiff, the Amended Complaint fails to state a cognizable claim as

---

[1] Federal Rule of Evidence  201(b)(2) contemplates such taking of judicial notice.  District Courts are entitled to accept, via judicial notice, that litigation has occurred and note its factual outcome.  See, Inductotherm Indus. v. U.S., 2002 U.S. Dist. LEXIS 14046, *7. (D.N.J. 2002).  It is not improper for courts to take judicial notice of the outcome of a criminal proceeding at the motion to dismiss stage.  See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions, such as convictions").

application of the device was not itself unlawful.[2]  Accordingly,
Count Six of the Amended Complaint against Parole Board
Defendants Kapp, Schreck, and Allan will be dismissed.

### C.    **Heck v. Humphrey** Abstention

Count Four of the Amended Complaint alleges violations of
the Fourth, Fifth, and Fourteenth Amendments for false arrest,
false imprisonment, and malicious prosecution.  The Court
considers the claims of false arrest and false imprisonment
independently of the malicious prosecution claim.

To establish a § 1983 malicious prosecution claim, the Third
Circuit has required that the following five requirements be met:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose
> other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty
> consistent with the concept of seizure as a consequence
> of a legal proceeding.

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (citing

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d cir. 2003)).

If Plaintiff fails to establish any of the above requirements, he

cannot prevail in an action for malicious prosecution.  Id.

---

[2] To be clear, the Court takes no position as to the
lawfulness of the means by which the GPS was applied to
Plaintiff; the Court holds only that application of the device
was not itself unlawful.

These requirements arise out of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 484 (1994). There, the Court articulated the strong judicial policy "against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. The Court also cautioned against allowing the accused to proceed with a collateral attack against his prosecution through a civil suit. Id. Accordingly, the ongoing nature of the criminal proceeding against Plaintiff is fatal to his § 1983 claim for malicious prosecution at this time.

The Court turns to Plaintiff's claims for false arrest and false imprisonment. Section 1983 claims for false arrest and false imprisonment do not necessarily implicate ongoing state criminal proceedings, because a court may vindicate a plaintiff's allegation that he was arrested and held without probable cause without impugning an ultimate conviction. Wallace v. Kato, 549 U.S. 384, 393-94 (2007). Here, however, because of the unique facts of this case, Plaintiff cannot prevail on his false arrest and imprisonment claims in this Court without impugning a forthcoming state conviction. Plaintiff alleges that he was arrested for assaulting a police officer and for resisting arrest. (Amd. Compl. 5-8.) Thus, the probable cause substantiating the arrest and detention was the assault itself. A finding that the arrest lacked probable cause could be based only upon a finding that the assault did not occur, or, in other

10

words, that Plaintiff is not guilty of the crime for which he is
to be tried.  This sort of "collateral attack" upon a state
criminal proceeding is impermissible under <u>Heck</u>.  <u>Id.</u>  Therefore,
the false arrest and false imprisonment claims cannot go forward
until Plaintiff has been acquitted of the state criminal charge.

Dismissal of the false imprisonment, false arrest, and
malicious prosecution claims, however, would result in judicial
inefficiency, as certain of Plaintiff's claims will survive the
motion to dismiss stage and may proceed to trial in this Court
before Plaintiff's false arrest, false imprisonment, and
malicious prosecution claims become ripe for adjudication.  Thus,
the Court will, in its discretion, stay this entire action until
the state prosecution of Plaintiff has been resolved.  <u>See</u> <u>id.</u>
("If a plaintiff files a false arrest claim before he has been
convicted . . . , it is within the power of the district court,
and in accord with common practice, to stay the civil action
until the criminal case or the likelihood of a criminal case is
ended."); <u>Wallace v. City of Chicago</u>, 440 F.3d 421, 425-29 (7th
Cir. 2006).

### 2. <u>State-Law Claims</u>

#### A. Assault and Battery

Count One of the Amended Complaint alleges common law
assault and battery against, <u>inter</u> <u>alia</u>, the Parole Board
Defendants.  Plaintiff alleges that they "assaulted [him] outside

11

the Camden Probation Office and exercised excessive force in an attempt to place the GPS on his person." (Amd. Compl. 5.) Plaintiff's brief asserts that the assault was willful and in bad faith, and, indeed, he is entitled to this reasonable inference from the averments in his pleading.

The Parole Board Defendants argue that the New Jersey Tort Claims Act provides immunity from Plaintiff's claims. The Act states, "Neither a public entity nor a public employee is liable for . . . [a]n injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole . . . ." N.J.S.A. 59:5-2. Courts have characterized the statute as "provid[ing] broad immunity to public entities from tort claims, but more limited immunity for public employees." Ward v. Barnes, 545 F. Supp. 2d 400, 415 (D.N.J. 2008). This is because the Act explicitly declines to shield public employees acting "outside the scope of [their] employment or [in such a way as to] constitute[] a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14.

"[W]hether the public employees' acts were 'willful misconduct' is a question of fact . . . ." PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 830 (D.N.J. 1993); see also Mantz v. Chain, 239 F. Supp. 2d 486, 495 (D.N.J. 2002) ("[A]ny disputed issues of historical fact relevant to the Court's determination must be submitted to the jury."); Kelly v.

County of Monmouth, 380 N.J. Super. 552, 560, 883 A.2d 411 (2005)
(holding that it is a question to be put to the jury whether or
not the plaintiff consented to touching beyond a traditional
handshake).  Accordingly, there exists a question of fact to be
determined through discovery or at trial as to whether or not
Parole Board Defendants Kapp, Schreck, and Allan were engaged in
willful misconduct during the incident with Plaintiff.  However,
the Amended Complaint contains no facts to sustain an allegation
that Parole Board Defendant Barnes acted outside the scope of his
employment or engaged in any willful misconduct.  Accordingly,
Count One of the Amended Complaint will be dismissed as to Parole
Board Defendant Barnes only.

### B.    Negligent Application of GPS Device

Counts Five and Eleven of the Amended Complaint allege that
the GPS monitoring device was placed on Plaintiff in a negligent
manner.  Count Five avers that Defendants "acted negligently in
causing a GPS monitoring device to be applied to [P]laintiff in
violation of the law and in violation of his plea arrangement and
sentencing." (Amd. Compl. 9.)  Count Eleven further asserts,
more generally, common law negligence.  (Id. at 14.)
Specifically, it alleges that defendants acted "palpably
unreasonabl[y]" and with "deliberate indifference." (Id. at 9,
14.)

Parole Board Defendants argue that they are protected by the

New Jersey Tort Claims Act's Good Faith Exception, which states, "A public employee is not liable if he acts in good faith in the execution or enforcement of any law . . . ." N.J.S.A. 59:3-3. However, "[i]n order to obtain the benefit of immunity under the [New Jersey Tort Claims Act], a public employee must demonstrate either that he acted with objective reasonableness or establish that he acted with subjective good faith." <u>Villari v. Township of Wall</u>, No. 06-0004, 2009 WL 2998135, *13 (D.N.J. September 15, 2009) (citing <u>Alston v. Camden</u>, 168 N.J. 170, 186 (2001)).

Parole Board Defendants claim that they placed the GPS device on Plaintiff to comply with New Jersey law, namely, the requirement that the Parole Board's chairman "establish a program for the continuous, satellite-based monitoring of sex offenders in this State." N.J.S.A. 30:4-123.92. Because he was placed on Community Supervision for Life, Plaintiff is considered a "monitored subject" pursuant to N.J.S.A. 30:4-123.91(a)(2)(b).

Accepting as true Plaintiff's factual allegations and the reasonable inferences drawn therefrom, the Court cannot find, at the motion to dismiss stage, that the Parole Board Defendants acted with objective reasonableness or subjective good faith. Indeed, the burden to show objective reasonableness or subjective good faith falls to the defendants, <u>see Villari</u>, 2009 WL 2998135, *13, which they will have the opportunity to establish through discovery. Accordingly, Counts Five and Eleven will survive the

14

motion to dismiss as to Parole Board Defendants Barnes, Kapp,

Schreck, and Allan in their individual capacities.

### C.   Malicious Prosecution, False Arrest, and False Imprisonment

Count Three of the Amended Complaint alleges the common-law

torts of false arrest, false imprisonment, and malicious

prosecution.  Like the § 1983 claims discussed above, the Parole

Board Defendants seek dismissal of these claims because

Plaintiff's criminal case has not been concluded in his favor.

To bring a claim for malicious prosecution in New Jersey, a

plaintiff must establish that:

> (1) a criminal proceeding was instituted or continued by
> the defendant against the plaintiff;
> (2) the proceeding was terminated in favor of the
> accused;
> (3) with absence of probable cause for the charge; and
> (4) with malice (which may be inferred from lack of
> probable cause) or primary purpose other than bringing
> the offender to justice.

Robinson v. Winslow Tp., 973 F. Supp. 461, 470 (D.N.J. 1997).

New Jersey courts have held that "[f]ailing to establish even

one element of the malicious prosecution tort will cause the

plaintiff's claim to fail."  Id. (citing Horn v. Village

Supermarkets, Inc., 260 N.J. Super. 165, 172, 615 A.2d 663

(1992)).

Here, Plaintiff's criminal case has not yet been resolved.

Plaintiff complains that the statute of limitations would have

run if he had waited until the conclusion of the criminal

proceeding.  However, under New Jersey law, "[s]ince a suit for malicious prosecution must await a favorable termination of the criminal proceeding, the statute of limitations does not begin until such termination." <u>Muller Fuel Oil Co. v. Insurance Co. of North America</u>, 95 N.J. Super. 564, 577, 232 A.2d 168 (1967); <u>Pisano v. City of Union City</u>, 198 N.J. Super. 588, 593, 487 A.2d 1296 (1984) ("It is well established that a cause of action for malicious prosecution does not arise until the criminal proceeding has terminated in plaintiff's favor.").

For the reasons stated above, <u>see</u> discussion <u>supra</u> at 9-11, in the interest of judicial economy, the Court will, in its discretion, stay this entire action until the conclusion of the state criminal proceeding against Plaintiff.[3]

### CONCLUSION

For the reasons set forth herein, the motion to dismiss will be granted-in-part and denied-in-part.  All claims against the State of New Jersey and the New Jersey State Parole Board will be dismissed.  Claims against Parole Board Defendant Barnes for assault and battery, as well as those brought pursuant to § 1983, will be dismissed.  Count Six of the Amended Complaint, which asserts liability for the allegedly wrongful application

---

[3] Because the Court is staying this entire case, it need not address the peculiar concerns of whether the false arrest and imprisonment claims accrue on the same date as the malicious prosecution claim.

of the GPS device, will be dismissed as to all Parole Board
Defendants.  Finally, the entire action will be stayed until the
state prosecution of Plaintiff is concluded.

The Clerk of the Court will be instructed to
administratively close this file, which the Court will reopen
upon notice from Plaintiff that the various claims bearing upon
the ongoing criminal matter are ripe for adjudication.  An
accompanying Order will issue this date.


Dated: October 7, 2009         s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE